

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2003

# Oh v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Oh v. Comm Social Security" (2003). *2003 Decisions.* Paper 431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-3309
_____

SOON OH,

*Appellant*

v.

\* JO ANNE B. BARNHART,
Commissioner of the Social Security Administration
*(Pursuant to F.R.A.P. 43(c))

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 00-cv-04957)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2003

Before: SCIRICA, *Chief Judge*, NYGAARD and BECKER,
*Circuit Judges*

(Filed June 26, 2003)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by plaintiff Soon Oh whose Social Security disability claim was

dismissed administratively and on appeal to the District Court. Judge Surrick, in a

typically thoughtful opinion, found substantial evidence to support the ALJ's decision, and granted summary judgment for the Commissioner. In so doing, however, he noted significant flaws in the Administrative Law Judge's (ALJ) report.[1]

The ALJ's decision turned on her discounting the reports of Oh's treating physician, Dr. Young Nam Kim, notwithstanding that in disability claims, a well-supported opinion from a treating physician is given deference. We wrote in *Morales v. Apfel* on this subject:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."

225 F.3d 310, 317 (3d Cir. 2000)(quoting *Plumer v. Apfel*, 186 F.3d 422, at 429 (3d Cir. 1999).[2]

---

[1]Judge Surrick wrote:
In her decision, the ALJ apparently assumed that Drs. Mits and Specht were Oh's treating physicians, along with Dr. Kim, stating that both Drs. Mits and Specht examined Oh on multiple occasions. Careful review of the record does not, however, reveal the basis for this conclusion. The record is unclear as to Oh's relationship with Drs. Mits and Specht, although it appears to indicate that Dr. Mits may be a disability examiner associated with the Social Security Administration, and that he never personally examined Oh. Furthermore, the medical opinion that the ALJ attributed to Dr. Specht appears to belong to Dr. Kim as it is Dr. Kim's signature and not Dr. Specht's signature that appears on the form from which the ALJ apparently derived the opinion. The medical opinion that the ALJ attributed to Dr. Mits is unsigned. In any event, there is no basis on which to conclude that Drs. Mits and Specht did or did not personally examine Oh.

[2]Specific standards for the evaluation of a treating physician's opinion are incorporated in the Commissioner's Regulations at 20 C.F.R. §416.927(d). This regulation provides that if a treating physician's opinion is well-supported by medically acceptable clinical

In Oh's submission, the ALJ's evaluation of Dr. Kim's opinion was materially

deficient:

> The ALJ did not properly identify the medical evidence of record.  She
> failed to evaluate the opinion of the state agency reviewers and failed to cite
> any medical opinion contradicting the opinion of Dr. Kim.  Finally, in
> reviewing medical evidence of record, the ALJ engaged in speculation and
> impermissible substitution of her opinion for that of Oh's treating
> physician.  As a result, it cannot be said that her findings and conclusions
> were supported by substantial evidence.

As will appear from the following analysis, we agree.

In view of this challenge, the best place to start is with the allegedly offending

portions of the ALJ's opinion, which we now rescribe:

> Simply stated, the objective medical evidence does not support the severe
> symptomatology and limitations asserted by the claimant.  The claimant
> testified that she does almost nothing all day and that her husband does the
> cleaning, cooking, and shopping.  The claimant also testified, however, that
> her husband receives supplemental security income benefits for disability,
> based on hypertension and diabetes mellitus.  There is an apparent
> inconsistency in these two statements as it is difficult to imagine an elderly
> (age 70) individual with disabling hypertension and diabetes performing
> tasks too physically demanding for his 62 year old wife.

> I note that Dr. Kim's assessment would limit the claimant to less than
> sedentary work.  However, in light of the minimal objective findings and
> the dearth of treatment, I find this to be inconsistent with the medical
> evidence.  The claimant does have some pathology of the lumbar spine, but
> not to the degree reported by Dr. Kim or testified to by the claimant.

and laboratory diagnostic techniques and is not inconsistent with the other substantial
evidence of record, it will be given controlling weight.  20 C.F.R. §416.927(d)(2).  If the
opinion is not given controlling weight, it may still merit substantial weight and the
adjudicator is directed to consider the following additional factors: length of the treatment
relationship and frequency of examination, nature and extent of the treatment
relationship, supportability, and consistency.  20 C.F.R. §416.927(d)(2).

Accordingly, I do not give Dr. Kim's assessment or the claimant's testimony substantive or controlling weight. However, there are times when a treating physician's opinion is not given controlling weight. In order for a treating physician's opinion to warrant controlling weight, the opinion must be well supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with the other substantial evidence in your case record (20 CFR 416.927(2)). Clearly, Dr. Kim's limitations are not supported by the clinical evidence.

As noted above, the claimant clearly has some pathology of her lumbar spine. The September 1994 magnetic resonance imaging scan of the lumbar spine showed a disc herniation and spinal stenosis, but only at L4-5; all the remaining discs were normal. Further, the x-rays taken at that time showed only mild osteophytosis. Additionally, the October 1998 computed axial tomography scan showed only discogenic disease at L4-5 and mild to moderate stenosis at that level. There has been no finding of disc space narrowing or neural foraminal or canal encroachment. The claimant's complaints of radiating pain to the lower extremity have not been confirmed by electrodiagnostic testing. There is no evidence of sensory deficits. The claimant has not required any surgery, has not had any therapy, does no exercises, and takes only over-the-counter Tylenol for pain relief as needed. She does not even take an anti-inflammatory medication. Additionally, the claimant retains a normal gait and does not require any assistive device of ambulation. The claimant does not receive frequent medical care and only sees a physician about three times a year. I find that the claimant's complaints of debilitating pain are not supported given the lack of medical treatment.

Based on the entire record, I find that the claimant retains the residual functional capacity for the full range of light exertional work. Consequently, th claimant retains the ability to perform her past relevant work. Therefore, she is not disabled, as defined by the Social Security Act, as amended.

In addition to the flaws identified by Judge Surrick, *see supra* n. 1, i.e., failure to properly identify the medical evidence of record, we note the following, all of which seriously undermines the ALJ's report:

4

1. The medical record is unequivocal that an MRI of plaintiff's lumbar spine on September 1, 1999 showed posterior central disc herniation at L4-5 along with bilateral ligamentum flavum and bilateral facet hypertrophy causing spinal stenosis at that level. A CT scan of the lumbar spine taken on October 1, 1998 showed degenerative disease at L4-5 with mild to moderate spinal stenosis. In this study, facet joint hypertrophy was described as mild and ligamentous hypertrophy was described as moderate. However, an x-ray of the lumbosacral spine taken on September 1, 1994 showed mild osteophytosis. We are hard pressed to describe these objective findings as "minimal." The ALJ does not rely on any medical evidence to justify this characterization, so it appears to be a medical judgment of her own. The same is true of the ALJ's statement that the claimant does have some pathology of her lumbar spine but not to the degree reported by Dr. Kim or testified to the claimant.

2. Equally unsupported are the ALJ's comments about the findings on physical examination. Records from Jaisohn Medical Center dated September 24, 1995 and December 13, 1996 confirm diminished reflexes in the left lower extremity. The report of December 13, 1996 from Dr. Kim contains a finding of decreased motor strength (3/5) in the left lower extremity. These are significant findings, and the fact that these complaints have not been confirmed by electro-diagnostic testing has no force in the absence of medical opinion that such testing would be determinative. The opinion of the ALJ, who is not a medical expert, is insufficient.

3. The ALJ relies on the fact that the plaintiff has had no surgery, therapy or exercise program. But there is nothing in the record that any physician thought that these modalities were appropriate for this woman approaching her mid-60's. The same is true for the ALJ's comment about anti-inflammatory drugs.

4. It is true that the plaintiff sees physicians "only three times a year," but that hardly seems inadequate, much less a basis for denying the claim.

5. While the ALJ also found that the plaintiff has the residual capacity to perform a full range of light exertional work, including her past work as a day worker and dry cleaner, we cannot divine the basis for this conclusion in the record. We add that a number of disability evaluation reports in the record seem to support Oh's claims (although it is not clear who the reporters are or whether they examined Oh).

In sum, it is apparent to us that the ALJ did not give the required deference to the opinion of the treating physician, *see Morales, supra*, which was based on both objective and clinical findings. The ALJ also appears to have engaged in speculation and made medical judgments on her own in the absence of record support, which is beyond the province of an ALJ. *See Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983). More specifically, the ALJ does not cite medical evidence or opinions to contradict Dr. Kim's evaluation. Also, for reasons noted above, the ALJ's opinion cannot be sustained on (lack of) credibility grounds.

Accordingly the decision of the ALJ cannot stand. This is not, however, a proper

6

case to direct the award of benefits.  The medical record developed before the ALJ is deficient, as are the ALJ's findings.  Accordingly, the judgment of the District Court will be reversed and the case remanded to the District Court with directions to remand to the Commissioner for further proceedings.

TO THE CLERK:

      Kindly file the foregoing opinion.


          /s/ Edward R. Becker
          Circuit Judge